UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| CARLOS DANIEL ACOSTA,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA; JOHN F. KERRY, Secretary of State; TERESA BOBOTEK, Director, Seattle Passport Agency; JEH JOHNSON, Secretary of the Department of Homeland Security,<br><br>                    Defendants. | Case No. 2:14-cv-00420-RSM<br><br>ORDER SETTING HEARING AND DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Plaintiff Carlos Daniel Acosta's Motion for a Temporary Restraining Order ("TRO"). Dkt. # 12. Plaintiff seeks an order that requires Defendants to return his United States passport during the pendency of this litigation. Plaintiff's TRO motion was filed on the Court's CM/ECF system at 4:47 p.m., on May 13, 2014. The next day, Defendants filed a Motion for Extension of Time seeking a continuance of the deadline to file a written opposition. Dkt. # 14. Therein, Defendants asked for a new response deadline of June 30, 2014.

LCR 65 governs the procedure for filing and responding to motions for temporary restraining orders brought in this district. Rule 65 provides as follows:

> (5) *Response*: Unless the court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after the motion is filed, and (2) file its response, if any, within forty-eight hours after the motion is filed. . . . If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response.

LCR 65(b)(5). Although Defendants have moved for an extension of time to respond, they neither cited LCR 65 nor followed its procedure. They appear to have assumed that the standard third Friday noting procedure applies to motions for temporary restraining orders. *See* Dkt. # 14 (oddly stating that the response was due on either May 26 or May 27, 2014). Contrary to Defendants' assumption, LCR 7(d)(1) plainly states that motions for temporary restraining orders "shall be noted for consideration the day they are filed" and it directs the reader to LCR 65 for further information.

Motions for temporary orders are by their nature requests for emergency relief, and this Court's local civil rules delineate the expedited procedure that parties must follow to either obtain or oppose such relief. Forty-eight hours have passed since the time that Plaintiff's motion was filed and Defendants have failed to file a written opposition to the motion in accordance with LCR 65. In addition, the Court finds Defendants' requested response date of June 30, 2014 to be entirely unreasonable, as LCR 65 contemplates only a forty-eight hour window to file an opposition brief. Accordingly, Defendants' motion for an extension of time will be DENIED. Defendants shall have the opportunity to oppose Plaintiff's motion at a hearing to be set for Tuesday, May 27, 2014 at 10:30 a.m. Defense counsel is directed to notify the Court whether he will be appearing telephonically or in person.

//

//

Dated this 16th day of May 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE