1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE**

CARLOS DANIEL ACOSTA,

          Plaintiff,

          v.

UNITED STATES OF AMERICA; JOHN
F. KERRY, Secretary of State; TERESA
BOBOTEK, Director, Seattle Passport
Agency; JEH JOHNSON, Secretary of the
Department of Homeland Security,

          Defendants.

Case No. C14-420 RSM

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Carlos Acosta's motion seeking a

temporary restraining order ("TRO"). Dkt. # 12. The Court heard oral argument on the motion

on May 27, 2014, and conducted an additional telephonic conference with counsel on May 29,

2014. Because the Court finds that it lacks authority to grant the relief sought by Mr. Acosta,

namely the return of his U.S. passport or a court order allowing him to re-enter the U.S. after

traveling abroad, the motion will be denied.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

## II.  BACKGROUND

Mr. Acosta filed this action against the named Defendants seeking a court issued declaration of U.S. citizenship under 8 U.S.C. 1503(a), and an order compelling the U.S. Department of State to either return Mr. Acosta's U.S. passport or, in the alternative, to order the U.S. Passport Office to issue a new U.S. passport. Dkt. # 1, ¶¶ A-C.

Although Mr. Acosta applied for and received a U.S. passport in August 2006, United States Customs and Border Patrol ("CBP") confiscated his passport at Phoenix International Airport on August 11, 2013, after he returned to the U.S. from a business trip to Mexico. *Id.* at ¶ 23. Mr. Acosta alleges that he is a U.S. citizen by birth. The Complaint details the circumstances surrounding Mr. Acosta's U.S. birth in Center, Colorado and his U.S. birth certificate. Mr. Acosta also has a Mexican birth registration and believes that CBP confiscated his passport on the basis that he was determined to be a non-national by the Department of State. *See id.* at ¶¶ 12-23.

Mr. Acosta filed the instant motion for a TRO on May 13, 2014, to secure the return of his passport so that he may freely travel during the pendency of the litigation. Defendants contend that the Court lacks authority to compel the Department of State to reinstate or re-issue Mr. Acosta's U.S. passport because the Department has revoked the passport after concluding that Mr. Acosta is a non-national.

## III. DISCUSSION

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390 (1981); *see also McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012). As such, a preliminary injunction is "not intended as a substitute for relief on the merits of the case." *Roark v. Individuals of Federal Bureau of Prisons*, 2013 WL 2153944, *4 (E.D. Tex. May 16,

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

1    2013). "Otherwise, the normal procedures of litigation would be short-circuited by the simple

2    vehicle of trying a case by way of a motion for injunctive relief." *Id.*; *see also Schrier v.*

3    *University of Co.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). Here, as discussed above, Mr.

4    Acosta seeks a declaration of nationality and the return of his U.S. passport. The relief sought

5    in the instant motion for a TRO is coextensive with a merits determination because Mr. Acosta

6    effectively asks the Court to compel the Department of State to re-issue his passport.

7
        Acosta provided documentary evidence to demonstrate that after his passport was

8    confiscated, he requested an explanation from the Department of State. Acosta Decl., Ex. C., p.

9
10   5. He received a letter stating that the reason for the revocation was a Mexican birth registration

11   in his name. *Id.*, Ex. D, p. 7. Acosta states that he was not provided an opportunity to contest

12   the adverse evidence. *Id.*, Ex. A, p. 2, ¶ 13.

13
        The Department of State's letter stated that revocation was pursuant to Section 51.62(b)

14   of Title 22 of the U.S. Code of Federal Regulations, which provides that a U.S. passport may be

15   revoked when it has been determined that the bearer is not a U.S. national. It also stated that an

16
17   investigation revealed a Mexican birth registration from Cuauhtemoc, Mexico that was issued

18   before the Colorado birth certificate as well as immunization records from Mexico. The letter

19   then noted that "you are not entitled to a hearing under Sections 51.70 through 51.74 of the

20   passport regulations in Title 22 of the Code of Federal Regulations. Title 22 Section 51.70

21   (b)(1) . . . states that a hearing is not provided in a case of an adverse passport action taken on

22   grounds of non-citizenship, such as in this case." Dkt. # 12-1, pp. 8-9.

23
        The Secretary of State is charged with "the administration and the enforcement of [the

24   Immigration and Nationality Act] and all other immigration and nationality laws relating to ...

25   the determination of nationality of a person not in the United States." 8 U.S.C. § 1104(a). The

26
27   State Department has the authority to issue passports to United States citizens. 22 U.S.C. §§

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

1  211a, 212; 22 C.F.R. § 51.2(a). Passports "have the same force and effect as proof of United

2  States citizenship as certificates of naturalization or of citizenship issued by the Attorney

3  General or by a court having naturalization jurisdiction." 22 U.S.C. § 2705.

4          Title 8 U.S.C. § 1503(a) confers subject matter jurisdiction on district courts. It states:

5

6          If any person who is within the United States claims a right or privilege

7          as a national of the United States and is denied such right or privilege by

8          any department or independent agency, or official thereof, upon the

9          ground that he is not a national of the United States, such person may

10         institute an action under the provisions of [the Declaratory Judgment

11         Act, 28 U.S.C. § 2201,] against the head of such department or

12         independent agency for a judgment declaring him to be a national of the

13         United States, except that no such action may be instituted in any case if

14         the issue of such person's status as a national of the United States (1)

15         arose by reason of, or in connection with any removal proceeding under

16         the provisions of this chapter or any other act, or (2) is in issue in any

17         such removal proceeding. An action under this subsection may be

18         instituted only within five years after the final administrative denial of

19         such right or privilege and shall be filed in the district court of the United

20         States for the district in which such person resides or claims a residence,

21         and jurisdiction over such officials in such cases is conferred upon those

22         courts.

23

24  The revocation of a passport on the basis of non-citizenship is a denial of a "right or privilege

25  as a national of the United States," giving rise to a claim under § 1503(a). *See, e.g.*, *Whitehead*

26  *v. Haig,* 794 F.2d 115, 119 (3d Cir. 1986). "A suit under section 1503(a) is not one for judicial

27  review of the agency's action. Rather, section 1503(a) authorizes a *de novo* judicial

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

1    determination of the status of the plaintiff as a United States national." *Richards v. Sec'y of*

2    *State,* 752 F.2d 1413, 1417 (9th Cir. 1985). In an action under § 1503(a), the "burden of proof

3    is on the claimant to prove that [he or] she is an American citizen." *De Vargas v. Brownwell,*

4    251 F.2d 869, 871 (5th Cir. 1958). Once the district court determines, on the evidence

5    presented, whether the plaintiff either is, or is not a U.S. national, the inquiry is at an end. *See*

6    *Hizam v. Kerry*, 747 F.3d 102, (2d Cir. 2014) (concluding that the only remedy provided by

7    Section 1503(a) is a declaration that the plaintiff is a U.S. national).

8

9         The above legal framework is important because Acosta's motion frames the issue

10   differently. Although the Complaint identifies § 1503(a) as the primary source of this court's

11   jurisdiction, the motion identifies the denial of pre-revocation due process as the central merits

12   issue to be considered at the preliminary relief stage. Acosta relies on *Magnuson v. Baker*, 911

13   F.2d 330 (9th Cir. 1990) for the proposition that under Ninth Circuit precedent, the Secretary

14   must grant a passport holder an opportunity to be heard before he revokes a passport where the

15   Secretary has adjudicated the issue of citizenship. *Id.* at 335. While not mentioned in Acosta's

16   brief, this holding in Magnuson has been declared superseded by statute (8 U.S.C. § 1504) by

17   *Mondaca-Vega v. Holder*, 718 F.3d 1075, 85 Fed. R. Serv. 3d 746 (9th Cir. 2013), reh'g en

18   banc granted, 735 F.3d 1093 (9th Cir. 2013), *Atem v. Ashcroft*, 312 F. Supp. 2d 792 (E.D. Va.

19   2004), and *Hizam v. Clinton*, 2012 WL 4220498 (S.D. N.Y. 2012). Title 8 U.S.C. § 1504(a)

20   expressly provides for notifying a passport holder about procedures for obtaining post-

21   revocation review, but does not mandate pre-revocation review (contrary to *Magnuson*). The

22   statute reads as follows:

23

24         The Secretary of State is authorized to cancel any United States passport

25         or Consular Report of Birth, or certified copy thereof, if it appears that

26         such document was illegally, fraudulently, or erroneously obtained from,

27

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

1

2

3

or was created through illegality or fraud practiced upon, the Secretary.

The person for or to whom such document has been issued or made shall

be given, at such person's last known address, written notice of the

4

cancellation of such document, together with the procedures for seeking

5

a prompt post-cancellation hearing. The cancellation under this section

6

of any document purporting to show the citizenship status of the person

7

to whom it was issued shall affect only the document and not the

8

citizenship status of the person in whose name the document was issued.

9

10

8 U.S.C. 1504(a). Thus, *Magnuson* is not good law on this point.

11

At oral argument, Acosta argued that even if no pre-revocation hearing is warranted

12

under 8 U.S.C. 1504, the State Department must still comply with the notice and post-

13

revocation procedures provided for by the statute. He contended that Mr. Acosta was never told

14

that he had a right to a prompt post-revocation hearing, in violation of § 1504. It is on that

15

basis, he argued, that the Court may determine that the revocation was unlawful. However, the

16

Department of State's passport regulations make clear that although a passport holder may seek

17

18

a post-revocation hearing under some circumstances, where the Department of State revokes a

19

passport for non-nationality, no post-revocation hearing will be provided. *See* 22 C.F.R. §

20

51.70(a) & (b)(1).

21

Although the letter provided to Acosta did not set out a procedure for a "prompt" post-

22

revocation hearing, it stated that Acosta may utilize a § 1503(a) district court action to obtain a

23

citizenship determination. Mr. Acosta exercised that right, filed suit, and now has the

24

opportunity to have the district court adjudicate his citizenship status. Mr. Acosta's Complaint

25

did not specifically challenge 22 C.F.R. §§ 51.70(a) & (b)(1) as contrary to 8 U.S.C. 1504.

26

Rather, his Complaint identified 8 U.S.C. § 1503(a) as the primary cause of action. And under a

27

§ 1503(a) action, the district court only has jurisdiction to make a de novo adjudication of

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

citizenship. *See Hizam v. Kerry*, 747 F.3d 102, (2d Cir. 2014) (reversing district court because, among other things, it exceeded the scope of its authority on a § 1503(a) action).

Acosta's motion for a TRO to obtain a passport is akin to seeking a writ of mandamus compelling Defendants to provide him with a document that has been revoked. Title 28 U.S.C. § 1361 gives the district court jurisdiction to issue a writ of mandamus "to compel an officer of employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate means is available." *Kildare v. Saenz,* 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno,* 134 F.3d 929, 931 (9th Cir. 1998). Mr. Acosta has made no such showing, and has cited no authority for the proposition that the Court may compel the Department of State to re-issue his passport prior to making a citizenship determination on the merits.[1] Accordingly, the motion for a TRO will be denied.

## IV. CONCLUSION

Having considered the motion, the response, oral argument, the declarations and attached exhibits, and the balance of the file, the Court hereby finds and ORDERS:

---

[1] Mr. Acosta also filed a "Notice" (Dkt. # 19) stating that he had been issued a Mexican passport to facilitate scheduled business travel to the United Kingdom. In light of the Mexican passport he requested narrower relief from the Court—a judicial order permitting him re-entry into the United States. Defendants filed a written "Response" (Dkt. # 20) arguing that discretionary authority to grant advance parole is vested exclusively with the Department of Homeland Security. *See* 8 U.S.C. § 1182(d)(5)(A); *see also Hassan v. Chertoff*, 593 F.3d 785, 790 (9th Cir. 2010). The Court held a telephonic hearing to discuss the matter and upon receiving no countervailing authority from Plaintiff, agreed with Defendants that the Court lacked authority to grant advanced parole under the circumstances of this case.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER

1          (1) Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 12) is DENIED.

2

3          Dated this 29th day of May 2014.

4

5

6          _____
           RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER